IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN BRITURE PRUDE, #720581 | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv39 |
| RICK THALER, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Brian Briture Prude, a prisoner confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on March 1, 2012. On July 26, 2012, an evidentiary hearing was conducted, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. A *Spears* hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. Plaintiff testified as to the factual basis of his claims. Regional Grievance Supervisor Laurie Parker and Assistant Warden Dwayne Dewberry attended the hearing and testified under oath about prison policies and information contained in Plaintiff's prison records.

1

Plaintiff's lawsuit is the product of another lawsuit, *Prude v. Brice*, Civil Action No. 9:10cv1. That case involved an altercation between Plaintiff and inmate Rodney Rogers on January 9, 2009. Plaintiff asserted that Rogers assaulted him. He complained that Officer Alicia Brice failed to take any steps to protect him. Plaintiff was permitted to proceed with a deliberate indifference to safety claim against her. On June 29, 2011, a default judgment was entered against Officer Brice, and Plaintiff was awarded $50,000 in compensatory damages.

During the course of the previous proceedings, Plaintiff was permitted to view the videotape from the incident that occurred on January 9, 2009. He began watching the videotape on January 11, 2011. Lt. Sharp was present while the videotape was being shown. At some point in time, Lt. Sharp had to leave and the videotape was turned off. Plaintiff subsequently told Captain Lamb that he had not been permitted to view the entire tape. Plaintiff was permitted to view the rest of the videotape on January 13, 2011. He noticed irregularities and concluded that someone had altered or tampered with the videotape. This led to further discoveries about inconsistencies between the videotape and the written documents.

Plaintiff filed a Step 1 grievance about his discovery on January 27, 2012. On the same day, the Step 1 grievance was returned as untimely. Plaintiff filed a Step 2 grievance on January 29, 2012. It was not processed. He was informed by an Inter-Office Communication that he could not file a Step 2 appeal on a Step 1 grievance that was returned to him unprocessed. Plaintiff attached all three documents to the complaint in this case. Plaintiff filed the original complaint on March 1, 2012.

Plaintiff complained during the *Spears* hearing that Officer Brice filed a disciplinary case against him for assaulting inmate Rogers, Case Number 20090124288. Plaintiff reiterated that Rogers assaulted him. Plaintiff testified that he did not attend the disciplinary hearing because he knew that

2

the disciplinary hearing officer would side with the charging officer. Records submitted during the *Spears* hearing reveal that Plaintiff was found guilty on January 27, 2009. His punishment included the loss of 364 days of good time and a reduction in classification from S3 to L1. Plaintiff testified that he was falsely accused and found guilty of assaulting Rogers. He wants the case removed from his record. He stressed that the disciplinary case negatively impacts his prospects for parole. Plaintiff testified that he filed a petition for a writ of habeas corpus in this Court challenging the disciplinary case. The petition was dismissed with prejudice. *Prude v. Director, TDCJ-CID*, No. 9:09cv98 (E.D. Tex. Oct. 27, 2009).

Plaintiff sued a number of supervisory prison officials, including Director Rick Thaler, Warden David Sweetin, Assistant Warden Gregory Oliver, Major Craig Fisher, Captain Blake Lamb, Captain J. R. King and Captain Correy Furr. He sued them because of their supervisory roles. He did not have any evidence that they were involved in tampering with the evidence; instead, he asserted nothing more than they possibly could have been involved. Lt. Sharp was sued because he watched the videotape with him and may have had some role to play in tampering with the evidence. Plaintiff testified that he does not know who actually tampered with the evidence. Lt. English was sued because he instructed officers to videotape the incident and was responsible for the officers who planted evidence. Plaintiff testified he sued Lt. Gulledge and Lt. Crain because they were second shift lieutenants and possibly planted evidence. Sgt. Baskin was sued because he was involved to the extent that he restrained Rogers and took him to the infirmary. Sgt. Pyle was sued because he knew all of the participants and claimed that people participated in the incident when they were not involved, such as Officer Esterline. Sgt. Smith was sued because he was the first person on the scene and sprayed Plaintiff with a chemical agent. Officials dispute Plaintiff's claim that Smith sprayed him. They claim

that Officer Kent actually used the chemical agent. When asked what difference did it make, Plaintiff asserted that the records were false and that they negatively impact his prospect for parole. Officer Kirkland was sued because he was the picket officer and observed the incident. Plaintiff sued various video camera operators, including Officers Marcus, Gates and Wisman. Officer Sheaer was sued because he was present during the incident. He placed handcuffs on Rogers. Unit Classification Program Supervisor Crawley was sued because she placed information in Plaintiff's file, such as the fact that he received a disciplinary case, which has been used against him for purposes of parole. He sued Mental Health Managers Caldwell and Klock because they noted in Rogers' file that Plaintiff assaulted Rogers, who was a mental health patient. Plaintiff stressed that this entry made a negative impact on his chances for parole.

Regional Grievance Supervisor Parker testified under oath that the grievances records confirmed that Plaintiff did not exhaust his administrative remedies. He filed a Step 1 grievance, which was returned as untimely. The Step 2 grievance was returned unprocessed since the Step 1 grievance was returned as untimely.

## Discussion and Analysis

Plaintiff's lawsuit and testimony raised a number of issues. Many of which are fatal to the lawsuit. One problem with the lawsuit concerns exhaustion of administrative remedies. The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In apply the statute, the Supreme Court unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme

4

Court subsequently reiterated that exhaustion is mandatory and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion also requires that a prisoner satisfy the requirement of "proper exhaustion." *Id.* at 83. The Supreme Court's most recent pronouncement on exhaustion was in *Jones v. Bock*, 549 U.S. 199 (2007). The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. The Fifth Circuit has added, however, that after *Jones v. Bock*, a complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appeared on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Torns v. Mississippi Dept. of Corrections*, 301 Fed. Appx. 386, 389 (5th Cir. 2008).

In the present case, Plaintiff submitted documentation with his complaint that clearly shows that he did not exhaust his administrative remedies. He asserted that he discovered in January 2011 that the videotape and records concerning the 2009 incident had been altered. He did not, however, file a Step 1 grievance about the evidence being altered until a year later in January 2012. The Step 1 grievance was returned as untimely. In light of *Woodford*, the complaint should be dismissed for failure to exhaust.

The untimeliness of the Step 1 grievance also raises another problem about the timeliness of the lawsuit. In many respects, Plaintiff is attempting to raise claims about matters that occurred in January 2009 in a lawsuit that was filed in January 2012. There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period, but

federal law determines the date the accrual commences. *Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for § 1983 actions is two years. *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Plaintiff filed his lawsuit three years after the incident that occurred in January of 2009. His lawsuit was filed too late.

The lawsuit should also be dismissed because Plaintiff is attempting to relitigate claims raised in his previous civil rights and habeas corpus cases. Plaintiff may not repeatedly file lawsuits containing the same claims. An *in forma pauperis* complaint which duplicates allegations that have already been previously litigated by a plaintiff should be dismissed as frivolous. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989).

The lawsuit should be also dismissed because Plaintiff has not shown that there is a basis for a federal civil rights lawsuit. Federal courts are courts with limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to federal violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). In this Circuit, before a plaintiff may maintain a civil rights lawsuit, he must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981).

Plaintiff argued that he has a basis for a lawsuit because the Defendants engaged in obstruction of justice by planting evidence, tampering with evidence, altering evidence and giving false statements. Obstruction of justice in federal litigation ordinarily involves federal criminal charges being filed against someone. *See, e.g., United States v. Ramos*, 537 F.3d 439, 460-61 (5th Cir. 2008). "[A]

private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff may not bring criminal charges against the Defendants in this civil rights lawsuit.

An obstruction of justice claim may possibly be raised under 42 U.S.C. § 1985(2). However, that provision concerns two or more persons conspiring "to deter, by force, intimidation, or threat, any party or witness in any court of the United States." The facts alleged by Plaintiff do not involve threatening a party, witness or juror from attending or testifying in any court of the United States or that they conspired to do so. *See Garrison v. City of Texarkana, Texas*, 910 F.Supp. 1196, 1205 (5th Cir. 1995). The statute also includes a provision concerning denial of equal protection, but "pro se plaintiffs are not a class protected by Section 1985(2)'s prohibition of obstruction of justice." *Freeman v. Texas*, No. H-08-2050, 2008 WL 4155346 (S.D. Tex. Sept. 2, 2008). Plaintiff has not alleged facts providing a basis for an obstruction of justice claim under § 1985(2). He has not shown that he has a basis for a civil rights lawsuit based on obstruction of justice. *See Gilbert v. Bartel*, 273 Fed. Appx. 413 (5th Cir. 2008).

The lawsuit is fatally flawed for the additional reason that Plaintiff has not shown a basis for a potentially meritorious civil rights lawsuit against any of the Defendants. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff failed to do so. For the most part, he sued people because they hold supervisory positions, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). The Supreme Court recently held that the term supervisory liability in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government

7

official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Supreme Court rejected an argument that government officials may be held liable because they merely had knowledge or acquiesced in their subordinate's misconduct. *Id.* A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Plaintiff has not alleged facts showing that anyone personally engaged in conduct that violated his constitutional rights or that there was a causal connection between a supervisor's wrongful conduct and the violation of his constitutional rights.

In conclusion, the facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **16** day of **August, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE